# Harry W. Treat et al., Appellants, v. The Merchants Life Association of the United States, Appellee.

## Gen. No. 16,098.

1. JUDGMENTS—*what essential to setting aside in equity.* In order to set aside in equity a judgment at law it must appear not only that the judgment was entered without authority, but also that the party against whom the judgment ran has been deprived either of a proper defense or a just cause of action.

2. LACHES—*when in seeking to set aside judgment at law established.* To permit an order dismissing an action at law to remain unchallenged for more than a year and to refrain for nearly three years from seeking to have it set aside establishes laches which will bar relief in equity.

Bill in equity. Appeal from the Superior Court of Cook county; the HON. ALBERT C. BARNES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed February 13, 1912. Rehearing denied February 29, 1912.

E. G. LANCASTER, for appellants.

BARKER, CHURCH & SHEPARD, for appellee; WILLIAM T. CHURCH, of counsel.

MR. JUSTICE KAVANAGH delivered the opinion of the court.

This appeal questions the correctness of a decree and orders of the Superior Court sustaining several demurrers to appellants' bill in equity and amended bills in equity, and which dismiss at last the amended bill for want of equity. It is charged, among other allegations of the bill, that in August, 1897, appellants began an action in assumpsit against appellee in the Superior Court of Cook county. This suit coming on to trial—at what time is not stated—appellants obtained a judgment for $6,174.52. However, on reaching the Appellate Court this judgment was reversed;

thereupon the cause was taken to the Supreme Court, where the judgments of both the Superior and Appellate Courts were reversed and the cause remanded for a new trial. This is all the information afforded by the bill as to the nature of the controversy. It is nowhere stated that a just claim existed in favor of the plaintiff against the defendant, or that any claim or right enforceable in law or equity existed in favor of the plaintiff. The subject of controversy is neither stated as to fact nor shadowed by inference.

On December 18, 1902, the mandate of the Supreme Court was filed with the Clerk of the Superior Court, reversing the case, and thereafter the cause rested without anything being done until February, 1905, when, without knowledge of either of the parties, one of the Judges of the Superior Court reached the case during the process of what is known as a first call, at which time the following order was spread upon the records: "This cause being this day called for trial, and neither party appearing, it is ordered that said cause be and the same is hereby dismissed without cost for want of prosecution."

On May 17, 1906, more than a year and three months after, appellants' then attorney presented to the Superior Court a stipulation signed by a lawyer, who, as was afterwards proven, never in any way represented the appellee, consenting that such last order be set aside. This want of authority not appearing on the face of the stipulation, the court ordered the case to be reinstated on the docket, where it again reposed until September, 1907, at which time appellee had the order of May 17, 1906, set aside on the ground that the attorney who endeavored to represent it in the stipulation of that date, had no authority to so stipulate or to then appear. The cause was again stricken from the calendar of the court and perhaps again dismissed, although that is not stated. Appellants in their bill now pray that the order of February

8th dismissing the bill may be corrected, changed or amended so that said order will state and show said suit at common law was dismissed upon a preliminary call of the calendar without notice, and was not in fact reached for trial, and that upon the relief last herein prayed for being granted, said order as amended be set aside and that said suit at common law be reinstated upon the common law docket of the Superior Court. He avers that the case never was reached for trial, but was called out of its order without notice to or knowledge of the parties, and so, as a matter of fact, was dismissed wrongfully and without authority.

There seems to us two valid objections to the sufficiency of the bill: First: It no place alleges that the plaintiff in the suit at law had a valid claim or just cause of action against the defendant. It has been so repeatedly held that the citation of authorities is unnecessary to support the statement, that, to set aside a judgment at law in a proceeding like the present, it must appear not only that the judgment was entered without authority, but also that the party against whom the judgment ran has been deprived either of a proper defense or a just cause of action.

Second: The appellants, it seems to us, were guilty of undoubted laches. For more than a year they permitted the order of dismissal to stand without any effort to have it set aside, and it was nearly three years before they filed this bill.

If any attention had been paid in watching the progress of the litigation in the court below, or if any kind of reasonable diligence had been exercised in an effort to have the order set aside, such effort and such diligence have not been shown.

Because these two defects in the bill go to the complainants' entire right to recover, it is unnecessary to discuss the other questions raised on this appeal.

The decree of the court below is affirmed.

*Decree affirmed.*